IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN D. TESTA AND MARGRETTE TESTA

Defendants.

Case No. 1:16-cv-11935

**ANSWER**

Defendants Steven D. Testa and Margrette Testa (the "Defendants") respond to the numbered paragraphs to the Complaint filed by Plaintiff the United States of America as follows:

Defendants state that the introductory paragraph purports to describe the action and states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained within this paragraph and deny that the Plaintiff is entitled to any of the relief that it seeks.

***Jurisdiction and Parties***

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

***COUNT I: Joint Liability for Income Tax Debt for Tax Year 2011***

5. The Defendants repeat and incorporate by reference herein their responses to the allegations contained in paragraphs 1 through 4 above.

6. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny them.

7. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that Paragraph 7 states a legal conclusion, to which no response is required. To the extent further response is required, Defendants deny the allegations contained in this Paragraph.

8. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 8.

9. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and

thus no response is required. To the extent a response is required, the Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Paragraph 10 states a legal conclusion, to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.

11. Count I of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Paragraph 11 states a legal conclusion, to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.

***COUNT II: Trust Fund Recovery Penalty Debt (Defendant Steven D. Testa Only)***

12. The Defendants repeat and incorporate by reference herein their responses to the allegations contained in paragraphs 1 through 11 above.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and, therefore, deny them.

14. Paragraph 14 states a legal conclusion, to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.

15. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 13, and therefore, were unable to determine what, if any payments were due. To the extent a further response is required, any remaining allegations contained within Paragraph 15 are denied.

16. Admitted.

17. Paragraph 17 states a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this Paragraph.

18. Paragraph 18 states a legal conclusion, to which no response is required. To the extent a response is required, Defendants state that they are without information sufficient to admit or deny the allegations set forth in this Paragraph, and therefore, deny them.

***<u>COUNT III: Determination that Federal Tax Liens for Steven Testa's Trust Fund Recovery Liability Encumber Defendant Margrette Testa's Remaining Half Interest in the Property (Defendant Margrette Testa Only)</u>***

19. The Defendants repeat and incorporate by reference herein their responses to the allegations contained in paragraphs 1 through 18 above.

20. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants further state that Paragraph 20 states a legal conclusion, to which no response is required. To the extent a response is required, denied.

21. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and

thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph reference written documents that speak for themselves. To the extent a further answer is required, denied.

22. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph reference written documents that speak for themselves. To the extent a further answer is required, denied.

23. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions for which no response is required. To the extent a response is required, denied.

24. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and, therefore, deny them.

25. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the

allegations contained within this Paragraph characterize written documents that speak for themselves, and deny the remaining allegations contained within this Paragraph.

26. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves.

27. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. To the extent a further response is required, denied.

28. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. To the extent a further response is required, denied.

29. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for

themselves. Defendants further assert that the allegations contained within this Paragraph are legal conclusions to which no response is required.

30. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. Defendants admit that Ronald DeMaio is married to Margrette Testa's sister and asserts that they are without sufficient information to admit or deny the remaining allegations in this Paragraph.

31. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and, therefore, deny them.

32. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. To the extent a further response is required, denied.

33. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. The allegations that Margrette Testa did not owe any obligation to Assured Leasing and that she did not have a business relationship with them are legal conclusions to which no response is required. With respect to the remaining allegations

contained within this Paragraph, they constitute characterizations of written documents that speak for themselves. To the extent a further response is required, denied.

34. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. Defendants state that this Paragraph references written documents, which speak for themselves, and therefore, no response is required. To the extent a further response is required, denied.

35. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. Defendants deny that Steven D. Testa had a bankruptcy trustee and Defendants are without sufficient information to either admit or deny statements made by “a trustee” and therefore they are denied.

36. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. Defendants state that this is a legal conclusion to which no response is required. To the extent a response is required, denied.

37. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendant Margrette Testa states that this Paragraph contains legal conclusions to which no response is required. To the extent a further response is required, Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in this Paragraph, and therefore, denies them.

38. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. To the extent a further response is required, denied.

39. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, admitted.

40. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves.

41. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. To the extent a further response is required, denied.

42. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the March 21, 2016 Settlement Agreement speaks for itself and any characterization to the contrary is denied.

43. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves.

44. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph characterize written documents that speak for themselves. Further answering, Defendants are without information sufficient to form a belief as to the United States' intentions in bringing this lawsuit.

45. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph which pertain to the April 25, 2016 Motion and May 13, 2016 Court Order characterize written documents that speak for themselves, and that the remaining allegations are legal conclusions to which no response is required. Further answering,

Defendants are without knowledge or information sufficient to form a belief as to the United States' intentions in bringing this lawsuit. To the extent a further response is required, denied.

46. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, admitted.

47. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, admitted.

48. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendant Margrette Testa states that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

49. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, denied.

50. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

51. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

52. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

53. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

54. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

55. Count III of this Complaint was voluntarily dismissed pursuant to a Notice of Voluntary Partial Dismissal that was filed with the Court on or about December 15, 2016, and

thus no response is required. To the extent a response is required, Defendants state that the allegations contained within this Paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

WHEREFORE, Defendants Steven D. Testa and Margrette Testa hereby request that this Honorable Court find in their favor, dismiss all claims against them, and award such other and further relief as this Honorable Court deems just and appropriate.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all claim so triable.

STEVEN D. TESTA and
MARGRETTE TESTA
By their attorney,

/s/ Jennifer L. Garner

Jon S. Barooshian (BBO #566755)
Jennifer L. Garner (BBO #688754)
Bowditch & Dewey, LLP
One International Place, 44th Floor
Boston, MA 02110
Tel: 617.757.6525
Fax: 508.929.3021
jbarooshian@bowditch.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2016.

/s/Jennifer L. Garner



{Client Files/312817/0001/PLD/B0642258.DOCX;1}